# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00362-CR

**Joseph Alex Melendrez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-09-205564, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Joseph Alex Melendrez pleaded guilty to aggravated robbery. *See* Tex. Penal Code Ann. § 29.03 (West 2003). A jury assessed his punishment, enhanced by a previous felony conviction, at twenty-two and one-half years in prison. In a single point of error, appellant contends that the trial court erred by admitting evidence of appellant's involvement in a homicide investigation. We overrule this contention and affirm the conviction.

On the afternoon of September 24, 2009, appellant approached Matilde Esquivel-Soto as she sat in her car outside a store, ordered her out of the car at gunpoint, got in the car, and drove away. Appellant was arrested a short time later while sitting in Esquivel-Soto's car and rummaging through her belongings. A loaded pistol identified as appellant's was found in the car. The complainant's bank card and checkbook were among the items found on appellant's person at the time of his arrest.

The State introduced evidence of appellant's previous convictions for possession of heroin (the offense used to enhance), possession of marihuana, fraudulent possession of identifying information, unauthorized use of a vehicle, unlawfully carrying a weapon, and assault. The State also introduced evidence regarding two unadjudicated offenses committed by appellant: an assault of another jail inmate while awaiting trial in this cause and a theft of crack cocaine one month before the charged robbery. Appellant's point of error relates to the latter offense.

Sergeant Jeff Crawford testified that he was assigned to the homicide unit of the Austin Police Department. In August 2009, he interviewed appellant at the homicide office and eventually took a written statement. The statement was introduced in evidence. In it, appellant described how he was approached by "the brother of Pete Carbajal" about purchasing five twenty-dollar rocks of crack cocaine. Claiming to know where a purchaser for the cocaine lived, appellant got in Pete's brother's car and directed him to a house on Pickle Drive. Appellant explained, "At this point my plan was to rip off the cocaine from Pete's brother." The statement continued:

> I told Pete's brother to pull up and stop in front of the house and I told him I picked up my phone and acted like I was calling someone and I acted like I was telling the person on the other end that I was fixing to meet them around back. I acted like I hung up and Pete's brother opened the pill bottle and poured the five rocks of crack cocaine into my hand. I got out of the car and went around the back of the house. Once I was out of his sight, I took off running and ran through a yard over to Charles Street. . . . [M]y cousin Javier Ramirez was waiting in my mom's truck for me. I jumped into the driver's seat and we drove off.

The statement went on to say that appellant was subsequently contacted by Crawford and agreed to speak to him, and that appellant identified a photograph of Pete's brother.

2

The jury was not told that after appellant fled with the stolen cocaine, Pete's brother, Catalino Carbajal, fired shots into the house on Pickle Drive, believing that this was where appellant had gone. A bullet struck and killed an occupant of the house. This was the homicide Crawford was investigating when he interviewed appellant.

In addition to seeing appellant's statement, the jury also heard a portion of a recorded telephone call from the jail in which appellant mentioned being involved in a murder investigation. Immediately after this recording was played, the trial court instructed the jury: "As to the reference you just heard the defendant make in that tape concerning a murder investigation, you are instructed that the State is not alleging that the defendant committed any homicide, and the investigation showed, in fact, that this defendant could not be charged with any such act."

Appellant urges that the trial court abused its discretion by permitting Crawford to identify himself as a homicide officer and by allowing the jury to be told that appellant's written statement was taken at the homicide office as part of a homicide investigation. He also asserts that the jury should not have been informed that appellant identified Catalino Carbajal's photograph. He argues that "the State offered the foregoing evidence for the sole purpose of insinuating to the jury that the appellant was responsible for someone's death when he stole crack cocaine from Catalino Carbajal." Appellant contends that the admission of this evidence violated article 37.07 because the evidence did not show beyond a reasonable doubt that he was criminally responsible for the homicide. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2010). He also contends that any relevance the evidence might have had was outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403.

3

We agree that from what they were told, the jurors likely inferred that appellant's theft of the crack cocaine from Carbajal had some relevance, or at least some suspected relevance, to a homicide that Crawford was investigating. We do not agree, however, that the jurors would necessarily have inferred that appellant committed the homicide or was somehow criminally responsible for it. For one thing, it is probable that the jurors would have assumed that if appellant had committed a homicide, they would have been told about it—just as they were told about the jail assault and the cocaine theft. More significantly, any risk that the jurors would have inferred that appellant was criminally responsible for the homicide was dispelled by the trial court's admonitory instruction that appellant was not accused of committing a homicide and that "the investigation showed, in fact, that this defendant could not be charged with any such act."

Appellant does not dispute the admissibility of the cocaine theft. In response to appellant's objections, the trial court did not permit the State to offer evidence that this theft led to a fatal shooting. The court was also careful to instruct the jury that although appellant had been interviewed by a homicide detective, appellant was not accused or guilty of a homicide. No abuse of discretion is shown.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   June 14, 2011

Do Not Publish